# In the United States Court of Federal Claims

No. 15-061C
(Filed: May 21, 2015)

|  |  |
|---|---|
| OMARI BEN FOSTER,<br><br>                    Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>                    Defendant. | *Pro Se*; Rule 12(b)(1); Subject-Matter Jurisdiction; Rule 12(b)(6); Failure to State a Claim; *In Forma Pauperis*. |

Omari Ben Foster, Windsor Hill, Md., Plaintiff *pro se*.

Joshua A. Mandlebaum, Trial Attorney, Scott D. Austin, Assistant Director, Robert E. Kirschman, Jr., Director, Benjamin C. Mizer, Acting Assistant Attorney General, United States Department of Justice, Washington, D.C., Attorneys of Record for Defendant.

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

*Pro se* plaintiff, Omari Ben Foster, brought this action seeking monetary damages for his alleged unlawful arrest and wrongful conviction. The government has moved to dismiss plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), because plaintiff fails to establish that the Court possesses jurisdiction over his claim and does not state a claim upon which relief can be granted. In addition, plaintiff has filed a motion to proceed in this matter *in forma pauperis,* alleging that he lacks the financial resources to pay the Court's filing fee. Plaintiff has also filed a motion for miscellaneous relief, seeking a docket status, request for just and speedy trial, and a notice of trial date. For the reasons set forth below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DENIES** as moot plaintiff's motion seeking miscellaneous relief.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

On January 21, 2015, plaintiff filed a handwritten complaint alleging that he was the victim of an "unlawful (false) arrest and conviction" in 2007. *See generally* Complaint. The cover to the complaint indicates that plaintiff seeks "$4,000 TEN THOUSANDS." *Id.* Plaintiff also filed a motion for leave to proceed *in forma pauperis* on January 21, 2015, pursuant to 28 U.S.C. § 1915, which he amended on March 24, 2015. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*; Pl. Am. Mot. to Proceed *In Forma Pauperis*. On February 9, 2015, plaintiff filed a motion for miscellaneous relief, seeking a docket status, a just and speedy trial, and a notice of trial date. *See generally* Pl. Misc. Mot.

On February 26, 2015, the government filed a motion to dismiss this action for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), or, alternatively, for failure to state a claim pursuant to RCFC 12(b)(6). *See generally* Def. Mot. In its motion, the government argues that plaintiff has not alleged any basis for jurisdiction in the complaint, and the Court does not possess jurisdiction to consider a challenge to the plaintiff's arrest and conviction. Def. Mot. at 3. The government further argues that the factual allegation in the complaint does not raise plaintiff's monetary claim "above the speculative level." Def. Mot. at 4.

On March 30, 2015, plaintiff filed a document entitled "(reply) Motion to Dismiss," in which he failed to address the substantive grounds for dismissal of his complaint. *See generally* Pl. Opp.[2] Plaintiff also purported to include a petition for *habeas corpus* with this filing, but the only document enclosed with the filing was his high school transcript. *Id.* at 2. The government filed its reply brief on April 10, 2015. *See generally* Def. Rep. Thereafter, plaintiff filed a sur-reply by leave of the Court on April 22, 2015. *See generally* Pl. Sur. In this filing, plaintiff

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl. at __"), defendant's motion to dismiss ("Def. Mot. at __"), plaintiff's opposition to the motion to dismiss ("Pl. Opp. at __"), defendant's reply (Def. Rep. at __"), and plaintiff's sur-reply ("Pl. Sur."). Except where otherwise noted, the facts recited here are undisputed.

[2] The Court does not read either plaintiff's opposition to the government's motion to dismiss or plaintiff's sur-reply to be a motion for sanctions under RCFC 11, because such motions must be made separately from any other motion and describe the specific conduct that allegedly violates RCFC 11(b). Moreover, in his sur-reply, plaintiff makes clear that he had "no intention on requesting sanctions. . . ." *See* Pl. Sur. at 1.

moved to strike defendant's motion to dismiss on the grounds that it was a "[h]arassment of procedure as defined as determent, delay or stopping of a process, and frivolous or uninvestigated claims . . . ." *Id.* at 1.

## III.   LEGAL STANDARDS

### A.   *Pro se* Litigants

The Court recognizes that plaintiff filed this action *pro se*, without the benefit of counsel, and so he is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to invoke review by a court, such plaintiffs are entitled to a liberal construction of their pleadings. *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "'is no duty for the trial court to create a claim which [the plaintiff] has not spelled out in his or her pleading.'" *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (citations omitted). Although "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence . . . ." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citations omitted). And so, while the Court may excuse ambiguities in the plaintiff's complaint, the Court does not excuse the complaint's failures. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.") (citations omitted).

### B.   Rule 12(b)(1)

When deciding a motion to dismiss based upon a lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, plaintiff bears the burden of establishing subject-matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998), and must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (citations omitted). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (Fed. Cl. 2006).

The Court has an independent obligation to determine whether subject matter jurisdiction exists to consider a matter. It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citations omitted). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011) (citations omitted). "[A] court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc., v. OEA Inc.*, 269 F.3d 1340, 1342 (Fed. Cir. 2001) (citations omitted).

In that regard, the United States Court of Federal Claims is a court of limited jurisdiction and the Court "possess[es] only that power authorized by Constitution and statute. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under the Tucker Act, the Court has limited jurisdiction to adjudicate "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2011). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead a claim founded upon an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself."); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . ."). Specifically, a plaintiff must demonstrate that the source of

substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]"[3] *Testan*, 424 U.S. at 400 (citation omitted).

### C. Rule 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim pursuant to RCFC 12(b)(6), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Erickson*, 551 U.S. at 94. And so, to survive a motion to dismiss under RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In *ABB Turbo Systems AG v. Turbousa, Inc.*, the Federal Circuit explained the interplay between RCFC 8(a)(2) and RCFC 12(b)(6), which "together establish[es] a notice-pleading standard that is applied, in a context-specific manner, with the recognition that the imposition of litigation costs must be justified at the threshold by the presence of factual allegations making relief under the governing law plausible, not merely speculative." 774 F.3d 979, 984 (Fed. Cir. 2014). This rule requires that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the complaint provides fair notice of the nature of claim and the grounds upon which it rests. RCFC 8(a)(2); *see also Twombly*, 550 U.S. at 555. Where the complaint fails to "'state a claim to relief that is plausible on its face,'" the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity," and determine whether it is plausible, based on these facts, to find against the defendant. *Iqbal*, 556 U.S. at 664, 679 ("A claim has facial plausibility when the pleaded factual content allows the

---

[3] In *Ontario Power Generation, Inc. v. United States*, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims that could provide Tucker Act jurisdiction: (1) "claims alleging the existence of a contract between the plaintiff and the government"; (2) "claims where 'the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum'"; and (3) claims "where money has not been paid, but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury. 369 F.3d 1298, 1301(Fed. Cir. 2004) (citations omitted).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). [4] *Id.* at 663.

## IV. DISCUSSION

The government moves to dismiss this action on jurisdictional grounds because, (1) plaintiff's complaint fails to assert a jurisdictional basis for his claim and (2) the Court cannot entertain a challenge to plaintiff's criminal conviction. Def. Mot. at 3. Alternatively, the government seeks dismissal of the complaint because the cursory allegation in the complaint fails to state a claim upon which relief can be granted. *Id.* at 4. For the reasons discussed below, the Court grants the government's motion.

### A. The Court Does Not Possess Jurisdiction to Consider Plaintiff's Claim

#### 1. Plaintiff Fails to Establish a Jurisdictional Basis for His Claim

A plain reading of the complaint shows that plaintiff fails to establish a jurisdictional basis for this Court to consider his claim. *See generally* Complaint. As discussed above, it is well established that plaintiff bears the burden of establishing subject-matter jurisdiction, *Alder Terrace*, 161 F.3d at 1377, and he must do so by a preponderance of the evidence. *Reynolds*, 846 F.2d at 748. To establish jurisdiction, this Court looks to the Tucker Act, which delineates this Court's limited jurisdiction. 28 U.S.C. § 1491 (2006). The Tucker Act "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States . . . ." *Fisher*, 402 F.3d at 1172 (citations omitted). These include money damages claims against the federal government founded upon the Constitution, an act of Congress, a regulation promulgated by an executive department, an express or implied contract with the United States, or a claim for liquidated or unliquidated damages in cases not sounding in tort. *Id.* (citing 28 U.S.C. § 1491(a)(1)). Therefore, "to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.*

Here, plaintiff has not identified any jurisdictional basis for his claim in either the complaint or in his other filings. *See generally* Complaint; Pl. Op. Rather, plaintiff states in the

---

[4] RCFC 8(a)(2) and RCFC 12(b)(6) are identical to their counterpart Rules in the Federal Rules of Civil Procedure.

complaint that he could not identify the exact "statutes and sections" since he was "not allowed access into the law library of this court." Compl. at 1. Because the complaint and plaintiff's filings are devoid of any reference to a statute that would confer jurisdiction upon this Court, plaintiff has failed to satisfy his burden of establishing subject-matter jurisdiction. *Alder Terrace*, 161 F.3d at 1377; *Reynolds*, 846 F.2d at 748.

### 2. The Court Lacks Jurisdiction to Consider a Challenge to Plaintiff's Criminal Conviction

Notwithstanding the shortcomings of plaintiff's pleadings, the Court recognizes that he is proceeding *pro se*, and so, plaintiff is "not expected to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Thus, the Court will liberally construe his complaint to determine whether the Court possesses subject matter jurisdiction over plaintiff's claim. *See Matthews*, 750 F.3d at 1322.

A possible reading of plaintiff's complaint is that he seeks to challenge the lawfulness of his criminal conviction in 2007. *See generally* Complaint. In that regard, the government correctly argues that such a challenge of plaintiff's criminal conviction is beyond the scope of this Court's jurisdiction. Def. Mot. at 3.

It is well established that this Court does not possess jurisdiction to consider criminal matters. *See* 28 U.S.C. § 1491. In *Jones v. United States*, the United States Court of Appeals for the Federal Circuit held that this Court lacks jurisdiction to review the judgments of state and federal courts pertaining to criminal convictions. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) ("To the extent that Jones asked the CFC to review any of the judgments of the Minnesota state and federal courts with respect to his criminal case, the CFC does not have the authority to review such decisions."); *see also Carter v. United States*, 228 Ct. Cl. 898, 900 (1981) (Plaintiff "cannot . . . make a collateral attack on his convictions under the guise of a claim for money damages."). And so, to the extent that plaintiff seeks a review of court judgments with respect to his criminal conviction, this Court does not have the authority to review those decisions.

### 3. Plaintiff Fails to Satisfy the Statutory Requirements for an Unjust Conviction and Imprisonment Claim

To the extent that plaintiff seeks to allege an unjust conviction and imprisonment claim under 28 U.S.C. §§ 1495 and 2531, the Court also lacks jurisdiction to consider this claim. Pursuant to Title 28, United States Code section 1495, this Court has "jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495 (1992). This provision, "must be read in conjunction with 28 U.S.C. § 2513." *Humphrey v. United States*, 52 Fed. Cl. 593, 596 (2002), *aff'd*, 60 F. App'x 292 (Fed. Cir. 2003) (*per curium*). Section 2513 provides in pertinent part that:

> (a) Any person suing under section 1495 of this title must allege and prove that:
>
>> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>>
>> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.
>
> (b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received.

28 U.S.C. § 2513(a) and (b) (2004).

This Court strictly construes the requirement for relief under these statutes.[5] *See Vincin v. United States*, 468 F.2d 930, 933 (Ct. Cl. 1972). And so, an unjust conviction and

---

[5] This Court has dismissed cases brought under section 1495 for failure to state a claim upon the basis that jurisdiction attaches when a plaintiff identifies a money-mandating statute. *See, .e.g., Sykes v. United States*, 105 Fed. Cl. 231 (2012) (citing 28 U.S.C. § 1495). In other instances, this Court has dismissed section 1495 cases for lack of subject matter jurisdiction—as the Court does here—because Congress conditioned the exercise of jurisdiction under section 1495 upon the

imprisonment claim must be established either by a certificate granted by the court of conviction or a pardon. *Humphrey*, 52 Fed. Cl. at 596 (citing *Hadley v. United States*, 66 F. Supp. 140, 141 (Ct. Cl. 1946)). In addition, such a certificate or pardon must "either explicitly or by factual recitation" state that the plaintiff has satisfied the requirements of section 2513. *Id.* at 597 (citing *Andolschek v. United States*, 77 F. Supp. 950, 951 (Ct. Cl. 1948)).

Plaintiff fails to satisfy the statutory requirements of sections 1495 and 2513 here. Plaintiff has not submitted a court-issued certificate showing that his conviction has been reversed. *See generally* Complaint and Pl. Op. Nor has plaintiff provided this Court with any proof of a pardon. *Id.* As the Federal Circuit recently noted, "28 U.S.C. § 2513 states [the] requirements for such a suit, making clear that the Court of Federal Claims may not itself review the conviction and imprisonment" unless the plaintiff has "show[n] that '[h]is conviction has been reversed or set aside on the ground that he is not guilty . . . or that he has been pardoned.'" *Carpenter v. United States*, No. 2015-5014, 2015 WL 480496, at *2 (Fed. Cir. Feb. 6, 2015) (citations omitted) ("Proof of the requisite facts shall be by a certificate of the court or pardon . . . and other evidence thereof shall not be received."). And so, to the extent that plaintiff alleges an unjust conviction and imprisonment claim here, the Court does not possess jurisdiction to consider his claim.[6]

### B.   Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* Satisfies the Statutory Requirement

Plaintiff has also moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis* and Pl. Am. Mot. to Proceed *In Forma Pauperis*. This Court may authorize commencement of a suit without prepayment of fees when a person submits an

---

requirements set forth in section 2513. *See, e.g., Hazel v. United States*, No. 14-310C, 2014 WL 5500038 (Fed. Cl. Oct. 31, 2014).

[6] The government also moves to dismiss the complaint because plaintiff fails to state a claim upon which relief can be granted. Def. Mot. at 4. Because the Court has already determined that it does not possess jurisdiction to consider plaintiff's claim, the Court does not need to address this issue to resolve the government's motion. Nonetheless, the Court also finds that plaintiff's very cursory complaint does not contain sufficient factual allegations "to raise a right to relief above the speculative level." *ABB Turbo Systems AG*, 774 F. 3d. at 984 (internal citation omitted). And so, dismissal of plaintiff's complaint for failure to state a claim is also appropriate. RCFC 12(b)(6).

affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a)(1) (The United States Court of Federal Claims, while not generally considered to be a "Court of the United States" under Title 28, is deemed to be a "Court of the United States" for purposes of this statute. 28 U.S.C. § 2503(d)). Due to the Court's summary disposition of this case and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the requirements to proceed *in forma pauperis* for the purpose of resolving the government's motion to dismiss. And so, the Court grants plaintiff's motion and waives the Court's filing fee.

### C.     Plaintiff's Motion for Miscellaneous Relief is Moot

Lastly, plaintiff has filed a motion for miscellaneous relief, seeking a docket status, request for just and speedy trial, and a notice of trial date. *See generally* Pl. Misc. Mot. Given the Court's determination to dismiss this matter upon jurisdictional grounds, the Court denies plaintiff's motion as moot. *See, e.g.*, *Wojtczak v. United States*, No. 12-449C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because . . . plaintiff has not raised allegations over which this court has jurisdiction, the court denies these motions as moot.").

## V.     CONCLUSION

For the foregoing reasons,

1.   Defendant's Motion to Dismiss, filed February 26, 2015, is **GRANTED**;

2.   Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, filed January 21, 2015, is **GRANTED**; and

3.   Plaintiff's miscellaneous motion seeking a docket status, request for just and speedy trial, and a notice of trial date, filed February 9, 2015 and modified on March 24, 2015, is **DENIED** as moot.

The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint. No costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge